UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANA CRANDALL,

       Plaintiff,                  CIVIL ACTION NO. 04-CV-40364-FL

    vs.                                DISTRICT JUDGE PAUL V. GADOLA

WESTWOOD HEIGHTS SCHOOL     MAGISTRATE JUDGE MONA K. MAJZOUB
DISTRICT, and JERRI LYNN
WILLIAMS

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITION OF PLAINTIFF, TANA CRANDALL DENYING COSTS AND ATTORNEY FEES AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

    Before the Court are two related motions: Defendants' Motion to Compel Deposition of Plaintiff, Tana Crandall filed on February 14, 2006 and Plaintiff's Motion for Protective Order, filed on February 16, 2006. Both motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) on February 15, 2006. The motions were briefed sufficiently and the Court dispensed with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re Texas Bumper Exhcange, Inc. v. Veliz*, 2005 Bankr. LEXIS 1936 (Bankr. S.D. Texas 2005)(holding that Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for an order compelling discovery - only that there be reasonable notice.")

    Defendants argue that on November 10, 2005 this Court ordered that the Plaintiff appear for a deposition within 30 days. Pursuant to that Order Defendants made multiple requests for dates for Plaintiff's deposition with no response from Plaintiff. Defendants noticed Plaintiff's deposition for February 21, 2006. Plaintiff's counsel responded by letter dated February 10, 2006 that Plaintiff

would not be produced for deposition because as the deposition had neither been requested nor noticed withing the 30 day window contemplated by the Court's November 10, 2005 Order.

Plaintiff argues that at no time within 30 days of the November 10, 2005 Order did Defendant ever request the deposition of Tana Crandall. Plaintiff further submits that there were no stipulations between the parties concerning Crandall's deposition which would allow for the deposition to proceed after December 10, 2005. Plaintiff produces an affidavit of Jade Kwan, a secretary who coordinates depositions in the Law Offices of Glen Lenhoff in support.

Plaintiff originally filed this action in the U.S. District Court. Subsequently part of the claim was remanded to state Circuit Court, and the remaining First Amendment claim remained in this Court. Plaintiff thereupon took the position that Ms. Crandall's deposition should not proceed in the instant case for the reason that she had already been deposed in the Circuit Court case. Plaintiff does not dispute that, absent the state court action, her deposition would be allowable under the Federal Rules of Civil Procedure. Plaintiff points to no provision of those rules restricting the permissible scope of discovery when there is a state court proceeding involving the same parties but different legal claims. In addition, this Court has previously ordered that Plaintiff's deposition proceed under Order dated November 10, 2005.

Therefore, this Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel the Deposition of Plaintiff Tana Crandall is **GRANTED**. Plaintiff Tana Crandall is to deposed on Friday, March 31, 2006 beginning at 2:30 p.m. at the offices of Ripka Court Reporting Services, 717 Grand Traverse Street, Flint, Michigan which deposition will continue until completion. Defendants' motion for costs and attorney fees is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Protective Order is **DENIED.**

Dated: April 12, 2006                     s/ Mona K. Majzoub
                                                        MONA K. MAJZOUB
                                                        UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this dated.

Dated: April 12, 2006                     s/ Lisa C. Bartlett
                                                        Courtroom Deputy